**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Byron T. BROWN, Defendant–Appellee.**

**No. 91–10279.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 13, 1992.

Decided Nov. 20, 1992.

Robert J. Erickson, Dept. of Justice, Washington, D.C., for plaintiff-appellant.

Rhonda Brown, Patterson, Belknap, Webb & Tyler, New York City, A. Melvin McDonald, Jones, Skelton & Hochuli, Phoenix, Ariz., for defendant-appellee.

Before: HUG, TANG, and T.G. NELSON, Circuit Judges.

**PER CURIAM:**

This appeal involves the extent of transactional immunity granted to Byron Brown in exchange for his cooperation in the investigation of a transaction involving the Big Boquillas Ranch sale to the Navajo Nation. In an agreement with the Office of the U.S. Attorney for the District of Arizona, Brown was granted transactional immunity.

He has since been indicted in an 18–count indictment. The indictment in Count One charged conspiracy to do the following: (1) to launder the proceeds derived from an illegal activity, (2) to structure currency transactions so as to avoid federal reporting requirements, and (3) to make false statements concerning a matter within the jurisdiction of the United States Department of Treasury, in violation of 18 U.S.C. §§ 371, 1956, 1001, and 31 U.S.C. §§ 5313, 5324. In addition, Brown was charged with 12 counts of the substantive offense of money laundering, in violation of 18 U.S.C. § 1956, and 5 counts of the substantive offense of making false statements regarding a matter within the jurisdiction of the Department of Treasury, in violation of 18 U.S.C. § 1001.

The district court dismissed the 12 counts charging money laundering and dismissed the portions of the conspiracy count that charged Brown with conspiracy to launder money and conspiracy to structure currency transactions. These counts were dismissed on the grounds that they were precluded by the statutory use immunity granted under 18 U.S.C. §§ 6002 and 6005, as well as the transactional immunity granted by the U.S. Attorney's Office. The district court denied the motion to dismiss the indictment with respect to the false statement charges under section 1001. The Government appeals the court's order dismissing the counts of the indictment.

The district court has published a thorough and well-reasoned opinion detailing the fact situation involved. *United States v. Brown*, 763 F.Supp. 1518 (D.Ariz.1991). The district court discussed both the statutory use immunity granted under 18 U.S.C. §§ 6002 and 6005, which was originally granted to Brown, as well as the transactional immunity later granted to Brown by an agreement signed with the Arizona U.S. Attorney's Office.

A major part of the Government's argument is that the immunity granted under use immunity is only that which is necessary to effectuate the protection of the Fifth Amendment privilege, and that, so limited, the immunity does not extend to these counts. However, the Government acknowledges that transactional immunity affords a person considerably broader protection than that confined to the Fifth Amendment privilege. *Kastigar v. United States*, 406 U.S. 441, 453, 92 S.Ct. 1653, 1661, 32 L.Ed.2d 212 (1972). Thus, we do not rule on the discussion of the district court with regard to the extent of the statutory use immunity granted, because it is the transactional immunity that affords the greater protection from prosecution to the defendant.

The district court correctly notes the Government is not bound by the procedures and requirements of the use immunity statute when granting immunity in the form of a contractual agreement, and ordinary contract principles apply when interpreting the agreement. *United States v. Plummer*, 941 F.2d 799, 802 (9th Cir.1991); *United States v. Irvine*, 756 F.2d 708, 710 (9th Cir.1985). The agreement drafted by the U.S. Attorney's Office provided that "the government agrees not to prosecute [Brown] for any possible criminal conduct and criminal and civil liability arising out of the transaction and resulting investigation of the 'Boquillas Ranch' to the Navajo Nation in July 1987." The district court carefully analyzed the transactional immunity agreement and the surrounding circumstances, and concluded that the agreement precluded prosecution on those counts dismissed.

For the reasons expressed in the district court's carefully reasoned opinion, we affirm on the grounds that the transactional immunity agreement precludes prosecution on the counts the district court dismissed.

AFFIRMED.