**UNITED STATES of America, Plaintiff,**

v.

**William Wayne NIX, Jr., Defendant.**

**Ralph D. OSBORNE, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 92–50705.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 1993.

Decided April 8, 1994.

---

R.J. Coughlan, Jr., Coughlan, Semmer & Lipman, San Diego, CA, for petitioner-appellant.

Larry A. Burns, Asst. U.S. Atty., San Diego, CA, for respondent-appellee.

Before: REINHARDT, T.G. NELSON, Circuit Judges, and KAUFMAN,* District Judge.

Opinion by Judge T.G. NELSON; Concurrence by Judge Reinhardt.

T.G. NELSON, Circuit Judge:

## OVERVIEW

Ralph Osborne (Osborne) appeals two district court orders which permitted the disclosure of grand jury transcripts to the plaintiffs in a separate civil case in which he was a cross-defendant. He contends that the district court erred because it granted an *ex parte* request for disclosure in violation of Fed.R.Crim.P. 6(e). We agree that notice should have been given before the transcripts were disclosed. Therefore, we vacate and remand with instructions that the district court develop an appropriate remedy.

## FACTS AND PROCEDURAL HISTORY

In 1988, Salvatore Ruscitti and others filed a class action suit in the Superior Court of California against Empire Motors and others. Osborne, a former owner of Empire Motors, was named as a cross-defendant in the case. Some months later, Ruscitti was murdered. A federal grand jury was empaneled and heard testimony from a number of people, including Osborne.

Will Nix, Osborne's stepson, and several others were indicted on federal charges arising from the murder. Three defendants pleaded guilty in federal court, and the case

---

* Honorable Frank A. Kaufman, Senior United States District Judge for the District of Maryland, sitting by designation.

was dismissed as to the remaining defendants in favor of state prosecutions. The Assistant United States Attorney (AUSA) who had handled the federal prosecution was cross-designated as a Deputy District Attorney to prosecute the state case. Nix was convicted of murder and the other defendants pleaded guilty.

In August, 1992, one of the lawyers for the plaintiffs in the *Empire Motors* case wrote to Larry Burns, the AUSA who had handled the *Nix* case, and requested the release of the grand jury transcripts of sixteen witnesses. Burns filed a request with the district court, attaching the letter from the plaintiffs' lawyer, and stating that he believed, but did not know, that some or all of the defendants in the *Empire Motors* litigation had been given access to the grand jury materials by Nix. The request was presented to the district court *ex parte* and on September 21, 1992, the district court issued the order as requested, without notice to the other parties in the *Empire Motors* case.

About ten days later, the AUSA received a call from R.J. Coughlan, Osborne's lawyer in the *Empire Motors* litigation. Coughlan said he had learned that the grand jury materials had been released to plaintiffs' counsel, and asked Burns to make an identical application for release of the same materials to Coughlan.[1] Burns did so, and on October 6, 1992, an order was entered permitting disclosure of grand jury materials to Coughlan as counsel for Osborne, and to another firm as counsel for the *Empire Motors* defendants. Both the September 21 order and the October 6 order were described in the captions as orders "permitting disclosure of grand jury materials to state officials pursuant to F.R.Crim.P. 6(e)(3)(C)(i)," although each of them also disclosed in the body of the order that the disclosure was to counsel in the *Empire Motors* case.

On October 6, Coughlan filed an *ex parte* application for modification of the September 21 order to require that the grand jury materials be returned and placed in a document depository and that all parties to the *Empire*

*Motors* have access to the materials. A hearing was held on Coughlan's motion on the same day, attended by counsel for all parties in the state case. Counsel for the United States did not attend. An order was entered on October 7 which modified both disclosure orders by providing "the Grand Jury transcripts may be possessed or reviewed only by counsel for the parties in the *Empire Motors* case, and may be used for no purpose other than to impeach a witness testifying at deposition and/or trial in the *Empire Motors* case."

Osborne appeals the September 21 disclosure order and the October 7 order modifying both disclosure orders.

## DISCUSSION

### I. *The Motion to Dismiss*

 The Government has moved to dismiss the appeal on the ground that settlement of the *Empire Motors* case has rendered this appeal moot. The class action settlement of the *Empire Motors* litigation has been accepted by the Superior Court, and so the *Empire Motors* case has indeed been settled. However, there were a number of class members who opted out of the settlement, thus leaving open the potential for further litigation arising from the same facts that led to the *Empire Motors* litigation.

The disclosure order entered on September 21 did not contain any restrictions on its use. We do not know what use was made of the materials or what potential for use still exists.

A case is moot if "the issues are no longer live or the parties lack a legally cognizable interest in the outcome." *Sample v. Johnson,* 771 F.2d 1335, 1338 (9th Cir.1985), *cert. denied,* 475 U.S. 1019, 106 S.Ct. 1206, 89 L.Ed.2d 319 (1986). "The question then is whether the practices to which [Osborne] object[s] are capable of repetition *as to [him].*" *Id.* at 1339. Osborne may be subject to the same injury as a result of actions which may be filed by those who opted out of

---

1. Coughlan told Burns that he had reviewed the transcripts in the office of Nix's lawyer, but did not make copies.

the settlement. The issues raised by Osborne have not been rendered moot by dismissal of the class action because there still exists the potential for further litigation and further disclosure. The district court and the parties need to address the potential for recovery of the materials and prevention of future use.

We faced a somewhat similar situation in *In re Grand Jury Investigation No. 78–184,* 642 F.2d 1184 (9th Cir.1981), *aff'd sub nom., United States v. Sells Eng'g, Inc.,* 463 U.S. 418, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983). In that case, the target of a grand jury investigation appealed the district court's release of grand jury materials to the United States for possible civil proceedings. On appeal, the Government argued that the appeal was moot because the material had already been released to the Civil Division of the Department of Justice. *Id.* at 1187–88. We

acknowledged that secrecy could not be restored, but held that the appeal was not moot because issues relating to future disclosure needed to be addressed. *Id.* at 1188. For the same reasons, we hold that this appeal is not moot.

## II. *Federal Rule of Criminal Procedure 6*

Federal Rule Criminal Procedure 6 governs grand jury empaneling and procedures. Rule 6(e) specifically regulates disclosure of "matters occurring before the grand jury." It provides that those matters shall not be disclosed unless the disclosure comes within one of the stated exceptions to the general rule of secrecy.[2]

The first part of Rule 6(e) deals with disclosures to attorneys for the United States or states and subdivisions of states (Rule

---

**2.** Fed.R.Crim.P. 6(e), provides in part:
Recording and Disclosure of Proceedings.

. . . .

(2) General Rule of Secrecy. A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of Rule 6 may be punished as a contempt of court.

(3) Exceptions.

(A) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury, other than its deliberations and the vote of any grand juror, may be made to—

(i) an attorney for the government for use in the performance of such attorney's duty; and

(ii) such government personnel (including personnel of a state or subdivision of a state) as are deemed necessary by an attorney for the government to assist an attorney for the government in the performance of such attorney's duty to enforce federal criminal law.

(B) Any person to whom matters are disclosed under subparagraph (A)(ii) of this paragraph shall not utilize that grand jury material for any purpose other than assisting the attorney for the government in the performance of such attorney's duty to enforce federal criminal law. An attorney for the government shall promptly provide the district court, before which was impaneled the grand jury whose material has been so disclosed, with the names of the persons to whom such disclosure has been made, and shall certify that the attorney

has advised such persons of their obligation of secrecy under this rule.

(C) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made—

(i) when so directed by a court preliminarily to or in connection with a judicial proceeding;

(ii) when permitted by a court at the request of the defendant, upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury;

(iii) when the disclosure is made by an attorney for the government to another federal grand jury; or

(iv) when permitted by a court at the request of an attorney for the government, upon a showing that such matters may disclose a violation of state criminal law, to an appropriate official of a state or subdivision of a state for the purpose of enforcing such law.

If the court orders disclosure of matters occurring before the grand jury, the disclosure shall be made in such manner, at such time, and under such conditions as the court may direct.

(D) A petition for disclosure pursuant to subdivision (e)(3)(C)(i) shall be filed in the district where the grand jury convened. Unless the hearing is ex parte, which it may be when the petitioner is the government, the petitioner shall serve written notice of the petition upon (i) the attorney for the government, (ii) the parties to the judicial proceeding if disclosure is sought in connection with such a proceeding, and (iii) such other persons as the court may direct. The court shall afford those persons a reasonable opportunity to appear and be heard.

6(e)(3)(A) and (B)). Rule 6(e)(3)(C) allows disclosure in other situations, including the one at issue here: "when so directed by a court preliminarily to or in connection with a judicial proceeding." Subsection (D) requires notice to affected parties in that situation "unless the hearing is ex parte, which it may be when the petitioner is the government."

The United States contends that Rule 6(e) permits *ex parte* hearings when the Government is the petitioner, and because the Government was the petitioner in this case, the *ex parte* disclosure should be affirmed. Osborne contends that when the Government acts on behalf of a private party, it must meet the requirements the private party would be subject to, including notice to the adverse parties.

The secrecy of grand jury proceedings "is an integral part of our criminal justice system." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218, n. 9, 99 S.Ct. 1667, 1673, n. 9, 60 L.Ed.2d 156 (1979). In the earlier cases of *United States v. Procter & Gamble Co.*, 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958), and *Dennis v. United States*, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966), the Supreme Court established the standard for determining when the secrecy of grand jury proceedings could be broken. The Court summarized the standard for disclosure of grand jury transcripts in *Douglas Oil:*

> Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed .... For in considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries. ... [D]isclosure is appropriate only in those cases where the need for it outweighs the public interest in secrecy and that the burden of demonstrating this bal-

ance rests upon the private party seeking disclosure.

441 U.S. at 222–23, 99 S.Ct. at 1674–75.

The interpretation urged by Osborne would have the effect of deterring the Government from acting for a private party as an accommodation, since it would never do so on an *ex parte* basis. Several reasons prevent us from accepting such an interpretation. First, the words of Rule 6(e) do not limit the *ex parte* petitions of the Government to situations in which the United States is the real party in interest. Second, the comment to Rule 6(e) contemplates that the Government could file a petition as an accommodation:

> [T]he rule provides only that the hearing "may" be ex parte when the petitioner is the government. This allows the court to decide that matter based upon the circumstances of the particular case. For example, an ex parte proceeding is much less likely to be appropriate *if the government acts as petitioner as an accommodation to, e.g., a state agency.*

Fed.R.Crim.P. 6, Notes of Advisory Committee on Rules, 1983 Amendment (emphasis supplied); *see also United States v. Bruce*, 976 F.2d 552, 556 (9th Cir.1992) (using advisory committee notes to interpret rules); *United States v. Prieto–Villa*, 910 F.2d 601, 606–07 (9th Cir.1990) (same). While the example uses a state agency as the hypothetical party being accommodated, we do not believe the Advisory Committee thereby stated a view that private parties could not likewise be accommodated.

Finally, as matter of policy, it is not necessary to interpose such a barrier to proceeding *ex parte* in those rare instances when both the Government and the district court believe an *ex parte* disclosure is necessary to protect one of the interests served by grand jury secrecy.

■ We believe the proper reading of Rule 6(e) permits the United States to seek release of grand jury materials on behalf of others, including private litigants. If it does so, it must make the same showing as the private litigant would be required to make if it filed the petition directly with the court. In addition, the United States must give the

required notice unless it makes a specific showing of the need to make the disclosure *ex parte.* The showing shall be sufficient to permit the district court to make an informed decision about the necessity of notice to others.

■ This interpretation of Rule 6(e) requires notice to affected parties in all but the most unusual cases. In those cases, when approached by the United States, the district court can determine if *ex parte* disclosure is in the public interest, and enter an appropriate order. Because this is not such a case, the release of the documents without notice was improper.

### III. *Judicial Estoppel*

■ The United States contends that Osborne's review of the grand jury materials in the office of Nix's lawyer, as well as the fact that Osborne obtained the transcripts with the same procedure used by the *Empire Motors* plaintiffs, estops him from now challenging the *ex parte* release of the materials. The cases cited by the United States set out the doctrine of judicial estoppel, sometimes also referred to as the doctrine of preclusion of inconsistent positions. As we explained·in *Russell v. Rolfs,* 893 F.2d 1033 (9th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2915, 115 L.Ed.2d 1078 (1991), the doctrine "is invoked to prevent a party from changing its position over the course of judicial proceedings when such positional changes have an adverse impact on the judicial process." *Id.* at 1037 (internal quotations omitted).

When Coughlan reviewed the transcripts in the office of Nix's lawyer, he was not himself violating Rule 6(e). Any conditions on the release of the materials to Nix's lawyer would have run to that lawyer. The Government has not suggested that any such conditions were violated by Coughlan's review. Coughlan did not discover the release of the materials to his adversaries until the day of Osborne's deposition. He then asked Burns to make the same materials available to him. At the same time, he filed a motion challenging the release of the materials and

seeking their return to be placed in a central depository available only to the lawyers for the parties to the *Empire Motors* case. His position was then, as it is now, that the materials should not have been released into the public domain. Under these circumstances, the doctrine of judicial estoppel is inapplicable.[3]

### IV. *Remedy*

After the transcripts were released to the *Empire Motors* plaintiffs, portions of them were apparently placed in the state court record. At oral argument before us, counsel for the parties were unable to tell us how many copies of the transcripts had been made or who had them. Osborne is faced with the possibility of future disclosure of copies in the hands of unknown persons who do not know of, or do not consider themselves bound by, the district court's order limiting the possession and use of the transcripts. Therefore, it is necessary to consider a remedy to address this possibility. Return of the known copies may adequately address the problem. Further, it may be necessary to preclude or limit the use of the transcripts in any future proceedings which may be brought by those class plaintiffs who opted out of the settlement.

In any event, the district court is in the best position to determine what remedy is available and appropriate to prevent future disclosure of the grand jury materials. While we recognize that there may be no enforceable remedy for any harm already caused, we are concerned with preventing any further harm that may occur from future use of the grand jury transcripts. *See In re Grand Jury Investigation No. 78–184,* 642 F.2d at 1188.

The disclosure orders appealed from are VACATED and REMANDED, with instructions to hold a hearing after notice to all affected persons, and order the return of all copies of the transcripts or take such other action as may be necessary to prevent future unauthorized use of the transcripts.

---

**3.** Similarly, we reject the Government's "unclean hands" argument. It is true that Coughlan reviewed the documents. However, in doing so, he did not violate Rule 6(e). Thus, the unclean hands doctrine does not apply.

REINHARDT, Circuit Judge, concurring:

I concur in the majority's holding that the district court erred in releasing grand jury transcripts to plaintiffs' counsel in the *Empire Motors* litigation pursuant to an *ex parte* petition from the Assistant United States Attorney. I disagree, however, with the majority's statement that there may be "unusual cases" in which it would be appropriate for the government to employ the *ex parte* procedure permitted by Rule 6(e)(3)(D) on behalf of a private party. Under a proper reading of Rule 6(e) and its accompanying comments, it is clear that *ex parte* proceedings are *only* permissible when the government is the real party in interest or when the government acts on behalf of a state or subdivision thereof.

Rule 6(e) makes a basic division between disclosures at the behest of the government and those at the behest of private parties. Where the government seeks the disclosure of information it can do so at an *ex parte* hearing. When a private party seeks that same information, the Rule provides precisely the opposite. There must be written notice to interested parties and a reasonable opportunity for them to appear and be heard. By allowing the government to act as the agent for private parties and obtain disclosure for their benefit *ex parte*, the majority undoes the clear division the Rule establishes between governmental and private parties' rights and interests in disclosure proceedings, and permits private parties to circumvent the basic safeguards so clearly established in the Rule.

The majority's interpretation of Rule 6(e) is based entirely on one subsection of the Rule and one sentence from the relevant comment. The majority notes that the *ex parte* proceedings described in subsection (e)(3)(D), though limited to instances when the government is the petitioner, are not explicitly limited to instances when the government petitions on its own behalf. The majority also notes that the comment discussing subsection (e)(3)(D) anticipates the government acting as an accommodation to a

state agency. What the majority fails to note is equally significant, however.

First, it is notable that there are only three points where Rule 6(e) explicitly provides that a government attorney may aid in the release of grand jury materials as an accommodation for another party: subsection (e)(3)(A)(ii), subsection (e)(3)(C)(iii), and subsection (e)(3)(C)(iv). The first subsection pertains to disclosure to government personnel, including personnel "of a state or subdivision of a state," the second pertains to disclosure to another federal grand jury, and the third again pertains to disclosure to personnel "of a state or subdivision of a state." Thus, the *only* non-federal parties provided for are state parties—there is no provision for disclosure to private parties.

Second, the majority's quotation of the comment to Rule 6(e) begins mid-sentence. The phrase omitted by the majority explains why *ex parte* proceedings might be appropriate when the government is the petitioner, as opposed to other petitioners. It notes that "internal regulations limit further disclosure of information disclosed to the government." Fed.R.Crim.P. 6, Notes of Advisory Committee on Rules, 1983 Amendment. As this case exemplifies, there are no such safeguards for materials disclosed to a private party. *See* majority opinion *supra* ("Osborne is faced with the possibility of future disclosure of copies in the hands of unknown persons"). Although the comment indicates that *ex parte* disclosure might be less appropriate when a state agency is involved, the fact that such disclosure might *ever* be appropriate is indicative of the fact that state parties, unlike private parties, can be assumed generally to have internal controls limiting future disclosure.

In short, although Rule 6(e) and its comment explicitly anticipate government accommodation "of a state or subdivision of a state"—"e.g., a state agency"—nowhere does the Rule provide for the government to petition for *ex parte* disclosure on behalf of a private party. By stretching Rule 6(e) be-

yond its reasonable limits, the majority's opinion serves to undermine the important interests protected by grand jury secrecy.[1]

---

1. *See, e.g., United States v. Sells Engineering, Inc.,* 463 U.S. 418, 424, 103 S.Ct. 3133, 3137, 77 L.Ed.2d 743 (1983).