47 F.3d 1177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Norman W. OLSEN, Defendant-Appellant.
 Nos. 93-30186, 93-30353.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 13, 1995.*
Decided Feb. 6, 1995.
 
 1
 Before: WRIGHT and BRUNETTI, Circuit Judges, and GONZALEZ,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Alex Busch cooperated with government agents and provided a statement regarding a drug conspiracy. The government presented the facts revealed by this statement to the grand jury, and the grand jury indicted Appellant Norman William Olsen for various drug-related offenses. After Olsen pled guilty and was sentenced, the government provided Busch's statement to the Federal Aviation Administration ("FAA") for its use in an administrative hearing to revoke Olsen's certificate. Olsen appeals the district court's finding that Busch's statement was not grand jury matter and not protected by Fed.R.Crim.P. 6(e). He also appeals the district court's denial of his motion for disclosure of the grand jury transcripts. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 4
 I. APPLICABILITY OF RULE 6(e) TO BUSCH'S STATEMENT
 
 
 5
 The determination of whether information is subject to the protection of Rule 6(e) is a mixed question of law and fact which we review de novo. United States v. Benjamin, 852 F.2d 413, 417 (9th Cir.1988), vacated on other grounds, 490 U.S. 1043 (1989).
 
 
 6
 Rule 6(e) of the Federal Rules of Criminal Procedure prohibits, with certain exceptions, the disclosure of "matters occurring before the grand jury" by government attorneys.[1] Several well-established policies underlie the secrecy accorded to matters occurring before the grand jury, including: preventing those persons who may be indicted from escaping; insuring that the grand jury enjoys unfettered freedom in its deliberations; preventing targets of the investigation from tampering with witnesses; encouraging witnesses to testify frankly and truthfully without fear of retaliation; and shielding those who are exonerated by the grand jury. United States v. Procter & Gamble Co., 356 U.S. 677, 681-82 n. 6, 78 S.Ct. 983, 986 n. 6, 2 L.Ed.2d 1077 (1958) (quoting United States v. Rose, 215 F.2d 617, 628-29 (3rd Cir.1954)).
 
 
 7
 When prosecutors disclose grand jury information to other government attorneys for use in related civil proceedings, the following policy concerns are implicated: preventing inadvertent or unauthorized disclosure, protecting the integrity of the grand jury process itself, and preventing subversion of the limits otherwise placed on the government's investigative powers in the civil context. United States v. John Doe, Inc. I, 481 U.S. 102, 114-15, 107 S.Ct. 1656, 1663-64, 95 L.Ed.2d 94 (1987). Nonetheless, we have held that the protection of Rule 6(e) extends only to prevent disclosure of that which is said or takes place before the grand jury, not to preclude all future revelation of the same information or documents that were provided to the grand jury. United States v. Dynavac, Inc., 6 F.3d 1407, 1411 (9th Cir.1993) (citing United States v. Interstate Dress Carriers, Inc., 280 F.2d 52, 54 (2d Cir.1960)). See also DiLeo v. Commissioner, 959 F.2d 16 (2d Cir.) (confirming that Interstate Dress remains the law of the circuit), cert. denied, --- U.S. ----, 113 S.Ct. 197 (1992). "Thus, if a document is sought for its own sake rather than to learn what took place before the grand jury, and if its disclosure will not compromise the integrity of the grand jury process, Rule 6(e) does not prohibit its release." Dynavac, 6 F.3d at 1411-12.[2]
 
 
 8
 Furthermore, once a defendant has been indicted and the grand jury investigation has been terminated, some of the policy concerns about disclosing documents presented to the grand jury are diminished. At that point, the disclosure of documents only implicates "institutional" concerns. Id. at 1412. After indictment, concerns about shielding innocent parties and preventing potential indictees from fleeing or tampering with witnesses fall away; however, concerns about compromising the integrity of the grand jury process itself remain.
 
 
 9
 The prosecutors made an agreement with Alex Busch that if he cooperated with the government, the government would not use any testimony he gave against him. As a result of this agreement, Busch came voluntarily to the U.S. Attorney's office to make a statement. The grand jury never read or saw Busch's statement; further, the grand jury did not subpoena either Busch or his statement. However, the government concedes that the facts of the case, which closely paralleled those in Busch's statement, were made known to the grand jury during its investigation. Busch's statement cannot be characterized as something said or something that took place before the grand jury. See Dynavac, 6 F.3d at 1411.
 
 
 10
 Subsequently, the prosecutor provided a copy of Busch's statement to the FAA for its use in an administrative hearing regarding Olsen's FAA certificate. The FAA ultimately used the statement as evidence when it revoked Olsen's certificate.
 
 
 11
 Olsen rejects the applicability of our holding in Dynavac and instead relies on the Sixth Circuit's holding in In re Grand Jury Proceedings, 851 F.2d 860 (6th Cir.1988). In that case, the Sixth Circuit addressed whether subpoenaed documents should be considered "matters occurring before the grand jury." Relying on the dominant policy of preserving the secrecy of the grand jury proceedings and the extraordinary coercive powers of the grand jury to compel the production of confidential information, the Sixth Circuit created a rebuttable presumption that "confidential documentary information not otherwise public obtained by the grand jury by coercive means is presumed to be 'matters occurring before the grand jury'." Id. at 864-66. But cf. Dynavac, 6 F.3d at 1413-14 (declining to follow the Sixth Circuit's rebuttable presumption test). The presumption may be rebutted by showing that the information was public, that it was not obtained by coercive means, or that it would otherwise be discoverable through civil discovery and would not reveal the nature, extent, or direction of the grand jury investigation. In re Grand Jury Proceedings, 851 F.2d at 867.
 
 
 12
 Neither the government nor the grand jury subpoenaed Busch's statement. And as stated above, the grand jury never heard testimony from Busch or saw his statement. Nor did the government or the grand jury coerce Busch's statement. No evidence supports Olsen's contention that the government compelled Busch's statement over his claim of privilege under the Fifth Amendment.[3] Even under the Sixth Circuit's more restrictive test, which we have declined to follow, Busch's statement does not appear to be "matter occurring before the grand jury." The statement was not a subpoenaed document, was not coercively obtained, and was not confidential.
 
 
 13
 Furthermore, disclosure of Busch's statement did not reveal what was said or took place before the grand jury. Rather, disclosure was sought for its own sake, because of the statement's content and relevance to the FAA's investigation into Olsen's FAA certificate, and not to reveal what transpired before the grand jury. Accordingly, disclosure of Busch's statement did not "seriously compromise the secrecy of the grand jury's deliberations." Dynavac, 6 F.3d at 1412. Accordingly, we affirm the district court's finding that Rule 6(e) is not applicable to Busch's statement.
 
 II. PRODUCTION OF GRAND JURY TRANSCRIPTS
 
 14
 We review the district court's grant or denial of disclosure of grand jury transcripts under Fed.R.Crim.P. 6(e) for an abuse of discretion. Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 223, 99 S.Ct. 1667, 70 L.Ed.2d 156 (1979); United States v. Fischbach & Moore, Inc., 776 F.2d 839, 842 (9th Cir.1986). A court abuses its discretion when it reaches an erroneous conclusion of law or when there is no evidence in the record upon which it could have based its decision. United States v. Schlette, 842 F.2d 1574, 1577 (9th Cir.1988). When reviewing a decision for abuse of discretion, a deferential standard, we do not substitute our judgment for that of the district court. Barona Group of the Capitan Grande Band of Mission Indians v. American Management & Amusement, 824 F.2d 710, 724 (9th Cir.1987). Reversal is proper only when the district court committed a clear error in judgment in weighing the relevant factors. Id.
 
 
 15
 Under Rule 6(e), the district court may permit disclosure of grand jury transcripts when the moving party shows (1) that the request is preliminary to or in conjunction with a judicial proceeding and (2) his "particularized need" for the transcripts. See United States v. Sells Engineering Inc., 463 U.S. 418, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983); United States v. Baggott, 463 U.S. 476, 103 S.Ct. 3164, 77 L.Ed.2d 743 (1983).
 
 
 16
 We follow the standard announced by the Supreme Court in Douglas Oil in determining whether disclosure is warranted. Douglas Oil provides:
 
 
 17
 "Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.... For in considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries.... [D]isclosure is appropriate only in those cases where the need for it outweighs the public interest in secrecy and [ ] the burden of demonstrating this balance rests upon the party seeking disclosure."
 
 
 18
 United States v. Nix, 21 F.3d 347, 351 (9th Cir.1994) (quoting from Douglas Oil, 441 U.S. at 222-23) (alterations in original).
 
 
 19
 In his motion for production of the transcripts, Olsen claimed that the grand jury transcripts were necessary to prove that Busch's statement or evidence revealed in that statement was, in fact, the evidence in chief of the government at the grand jury proceedings.[4] Olsen claimed that transcripts were necessary to show that Busch's statement was in fact matter occurring before the grand jury and were therefore essential to the success of his appeal of the issue discussed above. In his moving papers, Olsen provided nothing more in support of his "particularized need" for the transcripts. Olsen presented no facts to support his contention that a potential injustice would be averted by his showing that the substance of Busch's testimony was revealed to the grand jury. Olsen's moving papers also did not address how his need for the transcripts outweighed the public interest in secrecy.
 
 
 20
 Olsen bore the burden of showing that the balance between his particularized need for the transcripts and the public interest in grand jury secrecy tipped in favor of disclosure. On the face of his motion, Olsen failed to meet his burden. He presented little in support of his particularized need or to show how injustice would be prevented by disclosure. Furthermore, Olsen did not address the public interest in secrecy at all. The district court's denial of Olsen's motion was not an abuse of discretion.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Irma E. Gonzalez, United States District Judge for the Southern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The relevant portions of Rule 6(e) provide:
 (e) Recording and Disclosure of Proceedings....
 (2) General Rule of Secrecy. A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of Rule 6 may be punished as a contempt of court.
 (3) Exceptions....
 (C) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made--
 (i) when so directed by a court preliminarily to or in connection with a judicial proceeding;
 (ii) when permitted by a court at the request of the defendant, upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury;
 (iii) when the disclosure is made by an attorney for the government to another grand jury; or
 (iv) when permitted by a court at the request of an attorney for the government, upon a showing that such matters may disclose a violation of state criminal law, to an appropriate official of a state or subdivision of a state for the purpose of enforcing such law.
 If the court orders the disclosure of matters occurring before the grand jury, the disclosure shall be made in such a manner, at such time, and under such conditions as the court may direct.
 
 
 [2]
 We also relied on the fact that the records in Dynavac were "business records created for purposes independent of grand jury investigations, which have legitimate uses unrelated to the substance of the grand jury proceedings" in finding that there was a diminished fear of compromising future grand jury proceedings. Dynavac, 6 F.3d at 1412
 
 
 [3]
 Olsen contends that Busch received a formal grant of use immunity under 18 U.S.C. Secs. 6001-05; therefore, his testimony was by definition coercively obtained. However, the government granted Busch immunity as a result of an agreement with Busch. Testimony is only compelled when the witness first asserts his Fifth Amendment privilege and the government then seeks to have the court require his testimony anyway. United States v. Plummer, 941 F.2d 799, 802 (9th Cir.1991) (rejecting appellant's contention that because he was subpoenaed to appear before the grand jury his testimony was "compelled"). See also United States v. Brown, 979 F.2d 1380, 1381 (9th Cir.1992) ("[T]he government is not bound by the procedures and requirements of the use immunity statute when granting immunity in the form of a contractual agreement, and ordinary contract principles apply when interpreting the agreement.")
 
 
 [4]
 From the outset, the government has conceded that the facts that were revealed to the prosecution by Busch were presented to grand jury