**UNITED STATES of America, Plaintiff,**

v.

**Thomas H. HORNICK, Delores M. Hornick, William H. Hastings, George P. Youket, M. Merrill Miller, Frank J. Marano, and Richard T. Gow, Defendants.**

No. 88–CR–190.

United States District Court,
N.D. New York.

Oct. 7, 1998.

Office of the United States Attorney (Thomas P. Walsh, Asst. U.S. Attorney, of counsel), Binghamton, NY, for petitioner.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

Presently before the Court is an *ex parte* petition by the United States for an order permitting disclosure of certain grand jury materials to the Commissioner of Internal Revenue.

### I. BACKGROUND

According to the papers submitted by the United States *ex parte*, this matter was investigated by a Grand Jury in the Northern District of New York. On January 26, 1989, the Grand Jury handed down a sixty-one Count indictment. The grand jury has since been dismissed. On October 13, 1989, a jury convicted Thomas H. Hornick and Delores M. Hornick on numerous Counts involving, among other things, wire and mail fraud and preparing false income tax returns.

According to the United States, issues that were the subject of the indictments and subsequent convictions are pending before the United States Tax Court. *See Thomas H. Hornick v. Commissioner,* Docket No. 17662–92 and *Delores M. Hornick v. Commissioner,* Docket No. 18898–92. In that proceeding, the Hornicks contest the determination of the Commissioner of Internal Revenue (the "Commissioner") that they underpaid their 1985, 1986, 1987, and 1988 federal income tax liabilities and that these underpayments were due to fraud. The Commissioner has requested that the United States Attorney obtain an Order permitting disclosure of certain materials for use in the Tax Court proceeding.

Specifically, the United States seeks disclosure of: (1) materials obtained prior to referral of the case to the Grand Jury; (2) materi-

als obtained independently of the Grand Jury (*i.e.*, without Grand jury subpoena); and (3) documents created for purposes independent of the Grand Jury investigation and having uses unrelated to that investigation. According to the United States, these materials are not "matters occurring before the Grand Jury" and, therefore, FED.R.CRIM.P. 6 is inapplicable. The United States also seeks disclosure of certain materials that it claims are subject to FED.R.CRIM.P. 6, but are excepted pursuant to Rule 6(e)(3)(C).

## II. DISCUSSION

■ The United States has moved *ex parte* for an Order of disclosure of certain grand jury materials. The procedure for the disclosure of grand jury materials is governed by FED.R.CRIM.P. 6(d). That provision provides that:

> A petition for disclosure ... shall be filed in the district where the grand jury convened. Unless the hearing is ex parte, which it may be when the petitioner is the government, the petitioner shall serve written notice of the petition upon ... the parties to the proceeding if disclosure is sought in connection with such a proceeding.

The legislative history of Rule 6 provides that "the judicial hearing in connection with an application for a court order by the government ... should be *ex parte* so as to preserve, to the maximum extent possible, grand jury secrecy." S.Rep. No. 95–354, 1977 U.S.Code Cong. & Admin.News, p. 532. The government, however, is not entitled to proceed *ex parte*. Rather, the Rule is permissive. The Advisory Committee Notes to the 1983 Amendment of the Rule state that the Court is permitted to decide the matter based upon the circumstances of the case. Thus, for example, "an *ex parte* proceeding is much less likely to be appropriate if the government acts as petitioner as an accommodation to, e.g., a state agency." FED. R.CRIM.P. 6, Advisory Committee Notes to 1983 Amendment.

■ Because an *ex parte* motion " 'deprive[s] one party to a proceeding the full opportunity to be heard on an issue,' [ ] its use is justified only by a compelling interest."

*In re John Doe, Inc.*, 13 F.3d 633, 636 (2d Cir.1994), *rev'd on other grounds*, 481 U.S. 102, 107 S.Ct. 1656, 95 L.Ed.2d 94 (1987) (quoting *In re John Doe Corp.*, 675 F.2d 482, 490 (2d Cir.1982)). Conversely, "where an [ex parte proceeding] is the only way to resolve an issue without compromising a legitimate need to preserve the secrecy of the grand jury, it is an appropriate procedure." *In re John Doe*, 13 F.3d at 636 (citing *In re John Doe Corp.*, 675 F.2d at 490).

■ Further, a court should not automatically permit the government to proceed *ex parte*, but, rather, must evaluate the circumstances to determine whether such a procedure is appropriate. *See Gluck v. United States*, 771 F.2d 750, 755 n. 4 (3d Cir.1985). ("A court has the discretion [ ] to afford any and all persons potentially affected by the disclosure of grand jury materials a reasonable opportunity to appear and be heard.") (citing FED.R.CRIM.P. 6(e)(3)(D) advisory committee note and *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 103 S.Ct. 3133, 3137, 77 L.Ed.2d 743, (1983)); *In the Matter of Special March 1981 Grand Jury*; 753 F.2d 575, 579 (7th Cir.1985).

■ The United States, therefore, must demonstrate that it is appropriate to proceed *ex parte*. *See United States v. Nix*, 21 F.3d 347, 351 (9th Cir.1994) ("the United States must give the required notice unless it makes a specific showing of the need to make the disclosure *ex parte*."). "The showing shall be sufficient to permit the district court to make an informed decision about the necessity of notice to others." *Id.*

■ In this case, the United States has failed to articulate why its petition should proceed *ex parte*. The United States simply contends that certain of the materials will be used to refresh witnesses recollections, to impeach witnesses, or as substantive evidence pursuant to F.R.E. 801(d)(1)(A). The United States submits that "[t]he reasons for Grand Jury secrecy in this case are for the most part, not present." (Motion, p. 4). Indeed, the very materials sought to be obtained will likely be disclosed when used either as substantive evidence or to impeach a witness. Where the government intends to

reveal the grand jury materials, an *ex parte* proceeding may not be appropriate. *See In re Taylor*, 567 F.2d 1183, 1188 (2d Cir.1977) (holding that there is no legitimate reason for *in camera* inspection where a party who sought access to *in camera* inspection would learn the contents when called as a witness). The United States offers no argument that there is an ongoing interest in grand jury secrecy here.

Similarly, the United States offers no reason why this Court should proceed *ex parte* as to those materials it claims do not fall within the secrecy protections of Rule 6.

## III. CONCLUSION

Because the present motion is not properly brought *ex parte* and the United States failed to provide the proper notice as required under FED.R.CRIM.P. 6(e)(3)(D), the motion is DENIED without prejudice.

**IT IS SO ORDERED**