UNITED STATES of America, ex rel.
James S. STONE, Plaintiff–
Appellee,

v.

ROCKWELL INTERNATIONAL
CORPORATION, a corporation,
Defendant–Appellee,

Daniel Tallman, Intervenor–Appellant.

United States of America ex rel. James
S. Stone, Plaintiff–Appellee,

v.

Rockwell International Corporation, a
corporation, Defendant–Appellee,

Leif Swenson; Howard S. Long,
Intervenors–Appellants.

United States of America ex rel.;
James S. Stone, Plaintiff–
Appellee,

v.

Rockwell International Corporation, a
corporation, Defendant–Appellee,

Hans Sattler; Steve Kaiser; Thomas
McKinney; Chris Schimanskey,
Appellants.

James S. Stone, United States of
America, ex rel.; United States
of America, Plaintiff–Appellee,

v.

Rockwell International Corporation, a
corporation, Defendant–Appellee,

Norman Fryback, Appellant.

Nos. 99–1087, 99–1088, 99–
1097 and 99–1098.

United States Court of Appeals,
Tenth Circuit.

March 10, 1999.

Before: BALDOCK, EBEL, and HENRY, Circuit Judges.

## ORDER

PER CURIAM.

After examining the pleadings submitted, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed.R.App.P. 34(a)(2); 10th Cir.R. 34.1(G). These cases are therefore ordered submitted without oral argument. This court has determined that the pleadings before this court are sufficient for decision on the merits.

These appeals arise from the district court's orders releasing certain transcripts of grand jury testimony during trial of the qui tam action, *United States ex rel. Stone v. Rockwell International Corp.*, No. 89–CV–1154. Appellants, Daniel Tallman, Leif Swenson, and Howard S. Long also moved this court for a stay of any further release of grand jury transcripts pending resolution of their appeals. On March 4, 1999, this court entered an order temporarily staying any further release or use of grand jury testimony by the district court, the relevant parties and intervenors, or their respective counsel in this case until further order of this court.

The issue of release and use of grand jury testimony in this case was addressed in our earlier opinion, *In re Special Grand Jury 89-2,* 143 F.3d 565 (10th Cir.1998).[1] At a pretrial conference held on June 2, 1998, the district court set forth certain specific procedures to be followed for release and use of grand jury testimony during trial in this matter. *See* Trans. of Pretrial Proceedings at 5–6. Although these procedures were consistent with our opinion in *In re Special Grand Jury 89-2,* it appears that the district court did not consistently follow these procedures when releasing some of the grand jury transcripts. Therefore, we reiterate and clarify the procedures to be applied by the district court when releasing grand jury testimony under the circumstances in this case.

■ The general principles to be applied to the disclosure of grand jury testimony are well settled. " 'The most significant' factor" to be considered in the release of grand jury materials is "the demonstration of 'a particular, not a general, need' " for the materials. *In re Special Grand Jury 89-2,* 143 F.3d at 570 (quoting *In re Lynde,* 922 F.2d 1448, 1452 (10th Cir.1991)) (further quotation omitted). Particularized need is most often established when there is a need " 'to impeach a witness, refresh his recollection, [or] test his credibility.' " *Lynde,* 922 F.2d at 1454 (quoting *United States v. Procter & Gamble,* 356 U.S. 677, 683, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958)).

■ "The Supreme Court has consistently 'recognized that the proper functioning of the grand jury system depends upon the secrecy of the grand jury proceedings.' " *In re Special Grand Jury 89-2,* 143 F.3d at 569 (quoting *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 218, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979)); *see*

*also United States v. Evans & Assocs. Constr. Co.,* 839 F.2d 656, 658 (10th Cir. 1988) (stating the policy that underlies the interests of secrecy of grand jury proceedings in federal courts). Once a particularized need for the disclosure of grand jury materials has been established, it must be determined whether the need for disclosure of the materials outweighs the need for secrecy. *See In re Special Grand Jury 89-2,* 143 F.3d at 571; *Evans & Assocs. Constr. Co.,* 839 F.2d at 658.

■ Finally, " '[t]he balance struck between secrecy and the need for grand jury transcripts must result in the disclosure of information limited to the claimed need.' " *In re Special Grand Jury 89-2,* 143 F.3d at 572 (quoting *In re Grand Jury Matter,* 682 F.2d 61, 66 (3d Cir.1982)). It is the district court's obligation " 'to make an *in camera* examination of the pertinent portions of the grand jury transcript' and structure the order properly." *Id.* (quoting *United States v. Sobotka,* 623 F.2d 764, 768 (2d Cir.1980)).

■ In this light, we conclude that the following procedures are to be complied with prior to release of any further grand jury testimony in this case:[2]

1. The witness must be called to testify and, as the district court previously ordered, counsel should advise the district court twenty-four to forty-eight hours in advance of such testimony if such witness has previously testified before the grand jury;

2. Once the witness has given testimony which gives rise to a particularized need for the release of a grand jury transcript, counsel must make a record of the particularized need as either for the purpose of impeachment or refreshment of

---

1. The background of this case is fully set forth in *In re Special Grand Jury 89-2,* and will be repeated here only as necessary to our discussion.

2. We recognize that, because this case is in the middle of trial, the procedures for release of grand jury materials set forth here may not be necessary in all future cases involving the release of grand jury materials.

memory.[3] No grand jury testimony is to be released for the purpose of a fishing expedition or to satisfy an unsupported hope of revelation of useful information;

3. Once the district court is satisfied that a particularized need has been articulated by counsel, the court shall, from its *in camera* review of the relevant grand jury testimony, determine where in the testimony the particularized need is supported;

4. The district court shall state on the record, and with specificity, why the particularized need has been established;[4]

5. Once the particularized need has been determined, the district court must conduct a balancing test to determine whether the particularized need outweighs the need for secrecy;[5]

6. Once the balancing test is completed, any order for release of grand jury transcripts must be narrowly tailored to reflect that the pages or lines released speak only to the established particularized need.[6]

■ We reject appellees argument that to the extent the grand jury testimony of these appellants and intervenors has been released and they have testified at trial, their cases are rendered moot. The Supreme Court's decision in *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983), is instructive on this point. In *Sells*, the Court rejected the government's mootness argument, noting that, despite prior grand jury disclosures, those who have already been the subject of disclosures, and those subject to future disclosure were entitled to continued protection. *See id.* at 422 n. 6, 103 S.Ct. 3133. While recognizing that grand jury materials in *Sells Engineering* were released to the public and not just to selected counsel and parties as is the case here, we conclude that those witnesses subject to prior disclosure, as well as those subject to future disclosure remain entitled to protection. *See, e.g., United States v. Smith*, 123 F.3d 140, 154 (3d Cir.1997); *United States v.. Nix*, 21 F.3d 347, 349–50 (9th Cir.1994).

Moreover, we determine that because these appellants are subject to recall, the issues raised herein are capable of repetition, and there is a "reasonable expectation

3. We note that the Supreme Court has stated that "in weighing the need for disclosure, the court could take into account any alternative discovery tools available" to the party seeking disclosure. *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 445, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983).

4. In a sealed addendum to our previous opinion, *In re Special Grand Jury 89–2*, 143 F.3d 565, in an effort to be of assistance to the district court, we reviewed extensive deposition transcripts of certain witnesses and determined that particularized need as to those witnesses existed. No further particularized need as to the witnesses named in the sealed addendum need be established. We have not, however, conducted a similar review as to any other witness not named in the sealed addendum, and the district court will have to do so in the first instance.

5. We are aware that the criminal proceedings in this matter were completed a long time ago, thus reducing, to some degree, the need for secrecy. *See In re Special Grand Jury 89–2*, 143 F.3d at 571 (citing *Douglas Oil Co.* 441 U.S. at 222, 99 S.Ct. 1667). We are also

aware, however, of the possibility of future proceedings giving rise to special needs for privacy and secrecy as to certain witnesses, and the fact that the need for secrecy as to some witnesses and issues will be more critical than to others. *See United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 445, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983) (noting that the *Douglas Oil* standard is "flexible" and "sensitive to the fact that the requirements of secrecy are greater in some situations than in others"). Therefore, on a witness by witness basis, these various concerns need to be weighed against release of grand jury materials in this trial.

6. Even as to the nine witnesses named in the sealed addendum to this court's previous opinion for whom particularized need has already been established, *see In re Special Grand Jury 89–2*, 143 F.3d at 571 n. 7 & 572 n. 10, the district court must apply the balancing test and narrowly tailor the release of testimony to the particularized need established.

that the same complaining part[ies] will be subjected to the action again." *Fischbach v. New Mexico Activities Ass'n.*, 38 F.3d 1159, 1161 (10th Cir.1994) (quotation omitted). Therefore, we conclude that these appellants have a "legally cognizable interest in the outcome" of these appeals, *see Nix*, 21 F.3d at 349 (further quotation omitted), and their cases are not moot.

As to any future releases or threatened releases of grand jury testimony, the procedures set forth above shall govern the district court's decision. As to those witnesses whose grand jury testimony has been released, but who have not yet testified, all grand jury transcripts or portions thereof already released shall be returned to the district court. The above procedures shall be complied with prior to any re-release of the transcripts.

 We recognize that the district court is in the best position to make judgments regarding the disclosure of grand jury testimony. *In re Special Grand Jury 89-2*, 143 F.3d at 570 (stating that although "[t]he grand jury's supervisory court is 'in the best position to determine the continuing need for grand jury secrecy,'" the court trying the civil case "has the expertise to consider need for the requested material and to structure the disclosure") (quoting *Douglas Oil Co.*, 441 U.S. at 226, 99 S.Ct. 1667). Here, however, the district court's finding of particularized need which outweighed the interests of secrecy, with no explanation except its statement that the grand jury testimony was relevant to the issues at trial, was insufficient under the *Douglas Oil* standard. *See Sells Eng'g, Inc.*, 463 U.S. at 445-46, 103 S.Ct. 3133. Although we require the district court to make a record sufficient to facilitate meaningful appellate review, any future challenges to disclosure also would be reviewed in light of the district court's discretion and our deference to the court's familiarity with the exigencies and practicalities of the trial.

Therefore, the temporary stay previously entered by this court on March 4, 1999,

is dissolved, and appellants' motions for stay pending appeal are DENIED. The prior district court rulings that are on appeal in Nos. 99-1087, 99-1088, and 99-1098 are modified in accord with this order. These appeals are terminated, and the matters are hereby REMANDED to the district court for further proceedings consistent with this order and our opinion in *In re Special Grand Jury 89-2*, 143 F.3d 565.

The motion of appellants Hans Sattler, Steve Kaiser, Thomas McKinney, and Chris Schimanskey to consolidate appeals is DENIED. Their appeal, No. 99-1097, is DISMISSED as premature. The respective motions of John Drew Detamore, Gary Potter, and George Setlock to intervene in appeal No. 99-1087 are DENIED.

A certified copy of this order shall stand as and for the mandate of this court. The mandate shall issue forthwith.