**In re: GRAND JURY MATTER.**

**MBD No. 08–10007.**

United States District Court,
D. Massachusetts.

Jan. 29, 2008.

Gregg D. Shapiro, Office of the United States Attorney, Boston, MA, for Petitioner United States of America.

## MEMORANDUM AND ORDER

WOLF, District Judge.

On January 15, 2008, the United States Attorney filed, pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E) and (F), an *ex parte* petition requesting that this court authorize disclosure to attorneys in the Civil Division of the Department of Justice business records and computer information of ABC Corporation ("ABC Corp.") that have been or will be produced to a grand jury in connection with an ongoing investigation of ABC Corp.[1] The petition was not supported by an affidavit. However, in its two-page memorandum, the government represented the following.

Two still-sealed civil *qui tam* actions have been filed alleging that ABC Corp. violated the False Claims Act, 31 U.S.C. § 3729(a), and other federal civil laws. The docket numbers indicate that one *qui tam* case was filed in 2003 and the other in 2006. "Since 2005, the government has

---

**1.** The corporation involved in these grand jury proceedings is referred to in this Memorandum and Order as "ABC Corp." because

this is a matter ancillary to secret grand jury proceedings. *See* Fed. R. Cr. P. 6(e).

been investigating possible violations of federal laws by [ABC Corp.]" Memorandum in Support of United States' *Ex Parte* Petition at 1. "[T]he government has initiated a grand jury investigation. In response to a grand jury subpoena, [ABC Corp.] is producing business records and computer information." *Id.*

In its memorandum, the government argued that "although the materials at issue are responsive to a grand jury subpoena, they should not be deemed grand jury material at all for purposes of the Rule 6(e) secrecy requirement" because the records at issue preexisted the grand jury subpoena. *Id.* at 2. The sole case the government cited in its memorandum was *Church of Scientology Int'l v. United States*, 30 F.3d 224, 235 (1st Cir.1994), in which the First Circuit held that documents obtained by a grand jury are not necessarily exempt from disclosure under the Freedom of Information Act. The government's proposed Order would, if entered, have provided that "the United States Attorney's Office may, at its discretion, disclose to the Civil Division documents and computer information subpoenaed or otherwise obtained by the grand jury" from ABC Corp.

On January 17, 2008, the court conducted, *ex parte,* a hearing on the petition that was closed to the public. At the hearing the government stated that its request for a court order authorizing disclosure to attorneys in the Civil Division was merely "precautionary" because, in its view, the secrecy provisions of Federal Rule of Criminal Procedure 6 do not apply to documents obtained by a grand jury subpoena. The prosecutor who submitted the petition was not aware of the Supreme Court's decision in *United States v. Sells Engineering, Inc.,* 463 U.S. 418, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983), and related cases such as *United States v. John Doe,*

*Inc. I,* 481 U.S. 102, 107 S.Ct. 1656, 95 L.Ed.2d 94 (1987).

These decisions directly address and reject the government's contention that a court order is not required for the disclosure of documents obtained by a grand jury subpoena to lawyers conducting a civil investigation. *See, e.g., Sells Engineering,* 463 U.S. at 430–35, 103 S.Ct. 3133; *Doe,* 481 U.S. at 111–17, 107 S.Ct. 1656. They also establish requirements that must be satisfied to justify such disclosure which the government did not even attempt to meet in this case. *See Sells Engineering,* 463 U.S. at 443, 445, 103 S.Ct. 3133; *Doe,* 481 U.S. at 114–17, 107 S.Ct. 1656. Therefore, the court orally denied the petition without prejudice and defined issues the government must address if it renews the petition. This Memorandum and Order is being issued for the public record in order to provide notice of what this court understands to be the requirements for disclosure of documents obtained by a grand jury to civil lawyers and to reduce the risk that courts in other *ex parte* proceedings will not be informed by the government of the relevant case law.

In *Sells Engineering,* a federal grand jury was convened to investigate charges of criminal fraud and income tax evasion against a government contractor. 463 U.S. at 421, 103 S.Ct. 3133. The contractor produced materials to the grand jury that were also the subject of a disputed Internal Revenue Service summons. *Id.* After the criminal matter was resolved, the district court allowed the government to disclose the materials that had been produced to the grand jury to attorneys in the Civil Division of the Department of Justice to assist with a potential civil proceeding. *Id.* at 421–22, 103 S.Ct. 3133.

In affirming a Ninth Circuit decision vacating the order authorizing the disclosure, the Supreme Court explicitly reject-

ed the government's position in this matter. Instead, it held that Rule 6(e) applied and that a court order is required under that Rule to authorize disclosure of materials produced to the grand jury to Civil Division attorneys. *Id.* at 430–35, 103 S.Ct. 3133. The Court further held that to obtain such an order, a "strong showing of particularized need" is required. *Id.* at 443, 445, 103 S.Ct. 3133; *see also Doe,* 481 U.S. at 112–17, 107 S.Ct. 1656 (affirming an order authorizing disclosure when the particularized need standard was met). The court expressly stated that the mere fact that the documents obtained by the grand jury are "rationally related" to a civil fraud suit or investigation is insufficient to constitute the required strong showing of particularized need. *Sells Engineering,* 463 U.S. at 431, 445, 103 S.Ct. 3133.

■ In the instant case, the government's memorandum only states that "the civil government attorneys need access to [ABC Corp.] business records and computer information to evaluate the evidence, defenses, and arguments regarding [ABC Corp.'s] conduct." Memorandum in Support of United States' *Ex Parte* Petition at 1. This is precisely the sort of representation that was found to be insufficient in *Sells Engineering,* 463 U.S. at 431, 445, 103 S.Ct. 3133.

■ If the government wishes to renew its request for an order authorizing disclosure of ABC Corp. materials produced to the grand jury to Civil Division attorneys, it must submit to this court a revised petition, supported by an affidavit, that attempts to make the strong showing of particularized need required under *Sells*

*Engineering* and *Doe.* Any future petition and affidavit must address the factors discussed in those cases as relevant to this inquiry, including but not limited to: whether the grand jury investigation of ABC Corp. is ongoing;[2] whether the grand jury investigation was undertaken in good faith, and not as a pretext to collect information for use in a civil investigation; which Civil Division attorneys will receive any disclosed materials; whether the disclosed materials will be shared with private parties, including the private plaintiffs in the *qui tam* actions; and whether the government seeks to disclose all the materials produced to the grand jury or a more limited subset of them. *See Sells Engineering,* 463 U.S. at 432–35, 103 S.Ct. 3133; *Doe,* 481 U.S. at 113–17, 107 S.Ct. 1656.

If a renewed petition and affidavit are submitted, the court will decide whether it is appropriate to proceed *ex parte* or whether instead ABC Corp. should be given notice and an opportunity to be heard on the request for disclosure of the subpoenaed documents. Rule 6(e)(3)(F) provides that a petition by the government for disclosure "may be" heard *ex parte.* However, it also authorizes the court to require service of the petition and provide an opportunity to be heard to others designated by the court. *See* Fed. R. Cr. P. 6(F)(iii). Therefore, the court has the discretion to decide whether an *ex parte* proceeding is appropriate. *See United States v. Nix,* 21 F.3d 347, 352 (9th Cir.1994).

Here, the government's failure to cite, let alone address, *Sells Engineering* or its progeny in its petition demonstrates the peril of proceeding *ex parte.* A presenta-

---

**2.** In *Sells Engineering,* the Supreme Court was "informed that it is the usual policy of the Justice Department not to seek civil use of grand jury materials until the criminal aspect of the matter is closed." 463 U.S. at 445, 103 S.Ct. 3133; *see also Doe,* 481 U.S. at 113, 107 S.Ct. 1656. In the instant case it is evident that the grand jury has not completed its investigation because the government is seeking authority to disclose documents of ABC Corp. that will be produced to the grand jury in the future.

tion by ABC Corp. as well as the government might facilitate a more informed decision on whether the required strong showing of particularized need has been made.

The requested disclosure relates to two *qui tam* actions that are currently under seal before another judge of this district. This court will order the government to move for unsealing of the *qui tam* actions if it determines that the adversarial process should operate in this matter. The law allows *qui tam* actions to be sealed for a limited time to permit the government to decide whether to intervene. *See* 31 U.S.C. § 3730(b)(2).[3] At least one of the *qui tam* actions at issue here has been sealed since 2003. It may, therefore, be appropriate that ABC Corp. be informed of them if the government renews its request to disclose documents subpoenaed by the grand jury to the Civil Division.

Accordingly, as stated at the hearing on January 17, 2008, it is hereby ORDERED that:

1. The government's *Ex Parte* Petition for Disclosure of Documents Produced to the Grand Jury (Docket No. 1) is DENIED without prejudice.

2. Any renewed petition for disclosure shall be presented to this court and shall address the implications of *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983) and *United States v. John Doe, Inc. I*, 481 U.S. 102, 107 S.Ct. 1656, 95 L.Ed.2d 94 (1987), including the issues described in this Memorandum, and shall be supported by an affidavit that seeks to make the "strong showing of particularized need" required by those decisions.

---

3. The relevant statute provides that a *qui tam* complaint shall be filed *in camera* and remain sealed for 60 days to provide the government an opportunity to decide whether to intervene. *See* 31 U.S.C. § 3730(b)(2). The government may, for good cause, move for an extension of the seal and time to intervene. *See* 31 U.S.C. § 3730(b)(3). The legislative history indicates that Congress "intend[ed] that courts weigh carefully any extensions of the period of time in which the Government has to decide whether to intervene and take over the litigation. [Congress felt] that with the vast majority of cases, 60 days is an adequate amount of time to allow the Government coordination, review, and decision." United States S. Report No. 99–345, at 24, U.S.Code Cong. & Admin.News 1986, at 5286, 5289–90.